UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-------------------------------------------------------------------X
WEST COAST 2014-7, LLC,

                Plaintiff,

                **ORDER**
     -against-                  15-CV-4874 (JMA) (AYS)

ANTHONY ARTALE, JR., and JOHN DOES 1−12,

                Defendants.
-------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Before the Court is Magistrate Judge Shields's Report and Recommendation (the "R & R"), recommending that the Court grant plaintiff's motion for a default judgment of foreclosure and sale. Having conducted a review of the record and the applicable law, the Court adopts Judge Shields's R & R and grants plaintiff's motion, without prejudice to defendant's right to contest service by submitting a sworn denial concerning service.

### I. BACKGROUND

      In August 2015, plaintiff filed a complaint to foreclose on a mortgage on a residence in Levittown, New York. (Compl. ¶ 1, ECF No. 1.) Defendant Anthony Artale, Jr. was identified as the borrower, mortgagor, and resident of the property. (Id. ¶ 2.) An affidavit of service filed by plaintiff states that on August 27, 2015, a process server delivered a copy of the summons and complaint at the residence "to Mr. Artale (first name refused), male relative, a person of suitable age and discretion." (ECF No. 7.) According to the affidavit of service, the process server mailed a copy of the documents on September 2, 2015, to the same address.

      Defendant Anthony Artale never answered or appeared in the action. On September 24, 2015, the Clerk of Court granted a Certificate of Default against him, pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 10.) Plaintiff moved for a default judgment of foreclosure and

1

sale on November 25, 2015. (ECF No. 11.) The motion included an affidavit of service, stating that the notice of motion and supporting papers were sent, by First Class Mail, to defendants at the property. (ECF No. 11-7.) No one responded to the motion. In November 2015, Judge Hurley referred the motion to Magistrate Judge Shields for a Report and Recommendation.

On August 17, 2016, Judge Shields issued her R & R on the motion and directed plaintiff to serve a copy upon defendants. Among her findings, Judge Shields found that the record reflected proper service upon the defendant, that the required notices were sent to defendant in compliance with the note, and that the mortgage is currently assigned to defendant. (R & R at 1, ECF No. 13.) Judge Shields recommended that (1) judgment of foreclosure and sale be granted; (2) the caption in the case be amended to dismiss John Does 2−12 and replace John Doe with Mr. Artale, as the resident's sole tenant; (3) the Court appoint a referee to conduct the sale of the mortgaged premises; and (4) plaintiff be awarded $455,440.04 in damages.

On September 1, 2016, pro se defendant Anthony Artale filed an objection to the R & R. Defendant's submission was not a sworn statement. In less than one page, defendant objects to the R & R on three grounds. First, defendant objects that "I Anthony Artale, was never personally served with the summons and complaint and find the affidavit of service to be false. The affidavit does not fit my description and no other males reside at the property." Second, although the affidavit of service states that plaintiff sent the notice of the motion for default judgment on November 25, 2015, defendant asserts that: "I never received any documents on that date or after that date." Third, he states that "[t]he information regarding the date of acceleration is also inaccurate. The summons states the loan was not accelerated until 2013, however the loan was accelerated in May 2009." (ECF No. 15.)

On September 2, 2016, this case was reassigned from Judge Hurley to me. Plaintiff did

not file any response to defendant's objection.

## II. DISCUSSION

### A. Legal Standard

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of the Report to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The "submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).

### B. Presumption of Service

Under Federal Rule of Civil Procedure 4(e)(1), service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). New York law permits service by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and also mailing the summons to the person at his last known residence by first class mail within twenty days. N.Y. CPLR § 308(2).

"[A] process server's affidavit of service establishes a prima facie case of the account of

3

the method of service . . . ." Old Republic Ins. Co. V. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." Id. A traverse hearing is not required where defendant does not swear to "specific facts to rebut the statements in the process server's affidavits." US Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522, 2012 WL 728227, at *3 (E.D.N.Y. Mar. 6, 2012) (quoting Old Republic Ins., 301 F.3d at 58) (internal quotation marks omitted).

**C. Defendant's Objections**

Defendant objects that he was not properly served with the summons, complaint, and notice of motion for default judgment. According to the affidavit of service, defendant was served with the summons and complaint, according to the requirements of N.Y. CPLR § 308(2). The process server attests that he delivered a copy of the summons and complaint to a person of suitable age and discretion at the defendant's residence and then mailed a copy to defendant at his residence. Given that defendant is pro se, I will provide defendant with the opportunity to submit a sworn statement, providing specific facts, concerning service of the summons and complaint as well as the notice of motion for default judgment. Upon receiving defendant's submission, I will determine whether a hearing is required.

I find defendant's remaining objection, that "the information regarding the date of acceleration is also inaccurate," to be meritless. I otherwise wholly adopt Judge Shields R & R without prejudice to reconsideration based on defendant's sworn submission.

### III. CONCLUSION

For the reasons stated, defendant has until October 21, 2016, to submit a sworn denial of receipt of service. Defendant must submit a sworn submission, under penalty of perjury, with

4

specific facts to rebut the affidavits of service. If defendant fails to provide this submission to the Court by October 21, 2016, the Clerk of Court will be directed to enter judgment in favor of plaintiff. The Clerk of Court is directed to mail a copy of this Order to the pro se defendant.

**SO ORDERED.**

Dated: September 23, 2016
Central Islip, New York

                                          /s/    JMA
                                  JOAN M. AZRACK
                                  UNITED STATES DISTRICT JUDGE